BADIAK & WILL, LLP
106 Third Street
Mineola, NY 11501-4404
(516) 877-2225

GEORGE N. STYLIADES
1060 Kings Highway North
Suite 308
Cherry Hill, NJ 08034-1934
(856) 482-8877

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
-------------------------------X   CIVIL ACTION
SANOFI-AVENTIS U.S., LLC,
MCKESSON CORPORATION, AXA          No. 10-CV-        (   )(   )
CORPORATE SOLUTIONS ASSURANCE,
AND CARRAIG INSURANCE LIMITED,
                                   COMPLAINT
              Plaintiffs,

     v.

GREAT AMERICAN LINES, INC.

              Defendant.
-------------------------------X
```

Plaintiffs, Sanofi-Aventis U.S., LLC, McKesson Corporation, AXA Corporate Solutions Assurance and Carraig Insurance Limited, by and through their appointed attorneys, Badiak & Will, LLP, and George N. Styliades, Esq., allege upon information and belief as follows:

1

PARTIES

1. Plaintiff, Sanofi-Aventis U.S. LLC, (hereinafter "Sanofi-Aventis"), is, and at all times hereinafter mentioned was, a corporation organized and existing under and by virtue of the laws of one of the states of the United States with an office and place of business at 55 Corporate Drive, Bridgewater, New Jersey, was the shipper of the cargo hereinafter described, and has assigned to AXA Corporate Solutions Assurance (hereinafter "AXA")and Carraig Insurance Limited (hereinafter "Carraig") its rights of recovery against any party responsible for the loss to the extent of the payment made by AXA and Carraig herein.

2. Plaintiff, McKesson Corporation (hereinafter "McKesson"), is, and at all times hereinafter mentioned was, a corporation organized and existing under and by virtue of the laws of one of the states of the United States with an office and place of business at 5960 East Shelby Drive, Memphis, Tennessee, was the consignee of the cargo hereinafter described, and has assigned to AXA and Carraig its rights of recovery against any party responsible for the loss to the extent of the payment made by AXA and Carraig herein.

3. Plaintiff, AXA Corporate Solutions Assurance (hereinafter "AXA"), is, and all times mentioned herein was, a

2

corporation organized and existing under and by virtue of the laws of a foreign state with an office and place of business at 2-4 rue Jules Lefebvre, 75426, Paris, Cedex 09, France, and provided all risk cargo insurance covering the subject shipment hereinafter described. Sanofi-Aventis and McKesson have assigned to AXA their rights of recovery against any party responsible for the loss to the extent of the payment by AXA herein.

4. Plaintiff, Carraig Insurance Limited (hereinafter "Carraig"), is, and at all times hereinafter mentioned was, a corporation organized and existing under and by virtue of the laws of a foreign state with an office and place of business at Third Floor, The Metropolitan Building, James Joyce Street, Dublin, 1, Ireland, and provided all risk cargo insurance covering the subject shipment hereinafter described. Sanofi-Aventis and McKesson have assigned to Carraig their rights of recovery against any party responsible for the loss to the extent of the payment by Carraig herein.

5. Defendant, Great American Lines, Inc. (hereinafter "GAL"), is a corporation organized and existing under and by virtue of the laws of the State of Michigan with its principal place of business at 3074 Trafford Road, Murrysville,

3

Pennsylvania, and at times mentioned herein operated as an interstate motor common carrier.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1337(a), and plaintiffs seek damages for the theft and loss of a shipment of pharmaceuticals shipped in interstate commerce under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. §14706 et seq. This Court has supplemental jurisdiction over the common law claims against the defendant pursuant to 28 U.S.C. §1367. In addition, jurisdiction in this matter exists pursuant to 28 U.S.C. §1332(a) in that the amount in controversy exceeds the sum or value of $75,000.00 and is between entities organized under the laws of and residing in different states.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(a)(1) and (c) in that Sanofi-Aventis has its principal place of business in this judicial district.

## BACKGROUND

8. On or about April 15, 2002, Sanofi-Aventis and GAL entered into an agreement to transport freight by motor carriage pursuant to a "Transportation Contract".

9. Pursuant to the terms of the aforementioned agreement, on or about July 9, 2009, Sanofi-Aventis tended a shipment of

4

pharmaceuticals to GAL which were loaded into a single trailer provided by defendant GAL at Sanofi-Aventis' facility in Forest Park, Georgia.

10. The freight was to be transported and delivered by defendant GAL to plaintiff McKesson, as consignee, at McKesson's facility in Memphis, Tennessee, pursuant to instructions provided to defendant GAL by Sanofi-Aventis and pursuant to a bill of lading contract for the interstate motor carriage of the subject shipment issued by defendant GAL.

11. While on route to Memphis, Tennessee, the aforementioned tractor-trailer, containing the subject shipment as aforesaid, was reportedly parked by defendant GAL's truck driver at a truck stop in Temple, Georgia, which is located less than 200 miles from Forest Park, Georgia, and said tractor-trailer, containing the subject shipment, was stolen while defendant GAL's truck driver was not attending to the aforementioned tractor-trailer.

12. The empty trailer was later found empty in the State of Florida, and without any of the subject shipment which had been contained therein, and said shipment has never been recovered.

13. On or about July 14, 2009, Sanofi-Aventis filed a written claim on behalf of cargo interests with GAL holding GAL

5

liable and demanding payment of $8,803,608.96, the value of the subject shipment of pharmaceuticals which had been loaded into the subject trailer before it was stolen and which has never been recovered, as aforesaid.

14. In addition to the "Transportation Contract" hereinbefore described, Sanofi-Aventis and GAL entered into a Contract entitled "U.S. Transportation Quality Assurance Agreement" which sets forth particular service requirements to be performed by defendant GAL, as agreed to between Sanofi-Aventis and GAL as a separate and distinct agreement, to ensure compliance with applicable good manufacturing practices and good distribution practices regulations covering the security, storage and transportation of the shipments of pharmaceuticals by Sanofi-Aventis which were to be transported by defendant GAL as aforesaid.

15. Plaintiffs were the shippers, receivers, insurers and/or owners of the shipment of pharmaceuticals in question and bring this action on their own behalf, and as agents and trustees of all parties who may be or become interested in said shipment, as their respective interests may appear, and plaintiffs are entitled to bring this action.

16. Plaintiffs have performed all duties and obligations required on their part to be performed.

## FIRST CAUSE OF ACTION

17. Plaintiffs repeat and re-allege each and every allegation set forth in Paragraphs "1" through "16", inclusive, with the same force and effect as if fully set forth at length herein.

18. GAL issued a Bill of Lading covering the aforementioned shipment of pharmaceuticals on or about July 9, 2009, and covering the agreement to provide interstate motor carriage of the subject consignment.

19. GAL signed the aforementioned Bill of Lading, acknowledging receipt of the aforementioned shipment of pharmaceuticals in good order and condition and quantity.

20. As of this date, the aforementioned shipment of pharmaceuticals has not been delivered by GAL to McKesson reportedly due to the aforementioned shipment having been stolen and/or lost while in GAL's possession, custody and control, as alleged herein, or otherwise due to the failure on the part of GAL to deliver the cargo to the consignees, all of which constitutes breaches of GAL's obligations and duties as an interstate motor common carrier.

21. Plaintiffs are the lawful holders of the aforesaid Bill of Lading and other documents of title establishing their ownership of the subject shipment of pharmaceuticals.

7

22. The value of the aforementioned shipment, in the condition in which it should have been when delivered, was $8,803,608.96.

23. As a direct and proximate result of the non-delivery of the subject shipment by GAL, which is a breach of GAL's obligations and duties as an interstate motor carrier, plaintiffs have been damaged in the amount of $8,803,608.96.

24. Plaintiffs timely presented GAL with a written notice of claim for damages pursuant to 49 U.S.C. §14706(e).

25. By reason of the foregoing premises, plaintiffs have sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded of GAL, in the sum of $8,803,608.96.

SECOND CAUSE OF ACTION

26. Plaintiffs repeat and re-allege each and every allegation set forth in Paragraphs "1" through "25", inclusive, with the same force and effect as if fully set forth at length herein.

27. Pursuant to the contract entitled "U.S. Transportation Quality Assurance Agreement" hereinbefore described, GAL was required to perform services to plaintiffs' benefit and to comply with certain quality requirements, including but not limited to providing EDI tracing information through standard

EDI formats; to ensure the equipment utilized by GAL in the transportation of the subject pharmaceutical shipments were provided with properly operating and fully functional GPS tracking equipment; and to comply with specified transportation practices required by plaintiffs, including but not limited to a requirement that GAL's truckers would travel no less than 200 miles before their first stop, all of which required GAL to undertake certain extra quality assurance measures in performing the interstate motor carriage of the pharmaceutical products owned by plaintiffs as aforesaid.

28. GAL breached the "U.S. Transportation Quality Assurance Agreement" by failing to ensure the equipment used for the subject shipment had operational and properly functioning GPS equipment, and by failing to ensure its truck driver would travel no less than 200 miles before making the first stop, all of which caused and/or contributed to the theft and loss of the subject shipment as aforesaid.

29. As a direct and proximate result of GAL's breach of the "U.S. Transportation Quality Assurance Agreement", plaintiffs have suffered damages in the amount of $8,803,608.96, which amount, although duly demanded, has not been paid by GAL.

9

## THIRD CAUSE OF ACTION

30. Plaintiffs repeat and re-allege each and every allegation set forth in Paragraphs "1" through "29" inclusive, with the same force and effect as if fully set forth at length herein.

31. GAL negligently performed the interstate motor carriage of the subject shipment of pharmaceuticals by utilizing unsuitable and improperly equipped equipment, failing to take reasonable and prudent measures to prevent the theft of the subject shipment, breached and violated its duties as a provider of interstate transportation services and its obligations as an interstate motor common carrier and bailee of the said shipment, and by otherwise failing to act with the requisite standard of the care of a bailee and/or an interstate motor common carrier of goods for hire.

32. By reason of the aforementioned negligence on the part of defendant GAL, the said shipment was stolen and was never delivered to McKesson.

33. As a direct and proximate result of GAL's negligence as aforesaid, plaintiffs have suffered damages in the amount $8,803,608.96 which amount, although duly demanded, has not been paid by GAL.

WHEREFORE, plaintiffs, Sanofi-Aventis U.S., LLC, McKesson Corporation, AXA Corporate Solutions Assurance, and Carraig Insurance Limited, pray for judgment against defendant, Great American Lines, Inc., in the amount $8,803,608.96, plus incidental and consequential damages according to proof, for the costs of suit incurred herein, and for such other and further relief as this Honorable Court may deem just and proper under the circumstances.

GEORGE N. STYLIADES

s/ George N. Styliades
George N. Styliades
1060 Kings Highway North
Suite 308
Cherry Hill, NJ 08034-1934
(856) 482-8877
gstyliades@styliadeslaw.com

BADIAK & WILL, LLP

s/ James P. Krauzlis
106 Third Street
Mineola, NY 11501-4404
(516) 877-2225
jkrauzlis@badiakwill.com

Attorneys for Plaintiffs

Date: April 22, 2010

11