**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| SANOFI-AVENTIS U.S., LLC, et al., | |
| Plaintiffs, | Civil Action No. 10-2023 (MAS) (TJB) |
| v. | **MEMORANDUM OPINION** |
| GREAT AMERICAN LINES, INC., et al., | |
| Defendants. | |

**SHIPP, District Judge**

This matter comes before the Court on two motions for reconsideration of the Court's Memorandum Opinion and Order dated December 23, 2015 ("December Opinion"), by Defendants Great American Lines, Inc. ("GAL") and M.V.P. Leasing, Inc. ("MVP", and with GAL, "Transporter Defendants"), and Plaintiff AXA Corporate Solutions Assurance a/s/o McKesson Corporation ("Plaintiff"). (ECF Nos. 215, 216.) Plaintiff filed opposition to Transporter Defendants' motion (ECF No. 219), and Transporter Defendants filed a motion for leave to file a reply brief (ECF No. 220).[1] Defendant Pilot Travel Centers LLC ("Pilot") and Transporter Defendants filed opposition to Plaintiff's motion. (ECF Nos. 217, 218.) The Court

---

[1] Plaintiff filed correspondence in opposition to Transporter Defendants' motion for leave to file a reply brief. (ECF No. 221.) Transporter Defendants seek leave to file a reply brief "to address the arguments raised by [Plaintiff] in opposition to their Motion for Reconsideration." (ECF No. 220-1.) Transporter Defendants, however, do not state how the arguments Plaintiff raises in opposition are new to warrant a reply brief on a motion for reconsideration. Furthermore, the Court's review of Transporter Defendants' proposed reply brief did not identify any additional arguments being made, but instead Transporter Defendants reargue and recite the same legal authorities that are contained in their moving brief. Thus, as the Court has all the necessary information before it to rule on the motion *sub judice*, the Court denies Transporter Defendants' motion for leave to file a reply brief.

has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Transporter Defendants' motion for reconsideration is granted and Plaintiff's motion for reconsideration is denied.

## I.    Legal Standard

Reconsideration under Local Civil Rule 7.1 is "an extraordinary remedy" that should be granted "very sparingly." *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002) (internal quotation marks omitted). The moving party must show "at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). The scope of the motion is "extremely limited," and the party moving for reconsideration cannot use the motion "as an opportunity to relitigate the case." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). Local Civil Rule 7.1(i) provides that the moving party must set forth "concisely the matter or controlling decisions" that the party believes the court has overlooked. L. Civ. R. 7.1(i). "Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]." *United States v. Pinkhasov*, No. 08-285, 2009 WL 150669, at *1 (D.N.J. Jan. 21, 2009).

## II.    Transporter Defendants' Motion for Reconsideration[2]

In their motion for reconsideration, Transporter Defendants argue that the Court must reconsider the December Opinion because it committed a clear error when it held that that the

---

[2] The background for this dispute is set forth in detail in the Court's previous Memorandum Opinion. (ECF No. 213.)

Transportation Contract did not bind Plaintiff, as Plaintiff was not a signatory to that contract, and thus, the Transportation Contract did not waive the rights and remedies Plaintiff may have under the Carmack Amendment. (Defs.' Reconsideration Moving Br. 6, ECF No. 215-1.)  Specifically, Transporter Defendants argue that this holding leads to the implicit determination by the Court that "a carrier could be subject to § 14101 contractual liability and Carmack liability for the same shipment." (*Id.*)  As case law is clear that the Carmack Amendment provides the exclusive cause of action for interstate-shipping contract claims alleging loss or damage to property, the Court agrees with Transporter Defendants that its December Opinion leads to the implicit holding that carriers could be subject to both contractual liability and Carmack liability for the same shipment. Accordingly, the Court will grant Transporter Defendants' motion for reconsideration to correct the error of law that results from the Court's implicit holding in the December Opinion.  The Court will also decide whether there was a clear and express waiver of the Carmack Amendment claims in the Transportation Contract, and the further implications of that ruling on Transporter Defendants' previous motions for summary judgment.

### A.    Waiver of Carmack Amendment Claims

Transporter Defendants argue that pursuant to 49 U.S.C. § 14101(b)(1), the Transportation Contract waived any rights and remedies that Plaintiff may have under the Carmack Amendment. (GAL's SJ Moving Br. 5-9, ECF No. 180-1; MVP's SJ Moving Br. 4-5, ECF No. 181-1.)  In opposition, Plaintiff argues that the waiver clause in the Transportation Contract does not fulfill § 14101(b)(1) requirements for waiver because it "is not an unambiguous and complete waiver of Carmack in that the clause, as worded, in so far as it states Carmack is waived *only to the extent the provisions of Carmack conflict with the terms of the Transportation Contract or the parties' course of conduct.*" (Pl.'s SJ Moving Br. 8, ECF No. 182-1.)

"For over one hundred years, the Supreme Court has consistently held that the Carmack Amendment has completely occupied the field of interstate shipping." *Certain Underwriters at Interest at Lloyds of London v. United Parcel Serv. of Am., Inc.*, 762 F.3d 332, 335 (3d Cir. 2014). Case law provides "that the Carmack Amendment is the 'exclusive cause of action for interstate-shipping contract [and tort] claims alleging loss or damage to property.'" *Id.* at 336 (quoting *Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 688-90 (9th Cir. 2007)). Through § 14101, however, Congress statutorily authorized carriers and shippers to enter into a contract to opt out of the Carmack Amendment's default rules:

> If the shipper and carrier, in writing, expressly waive any or all rights and remedies under this part for the transportation covered by the contract, the transportation provided under the contract shall not be subject to the waived rights and remedies and may not be subsequently challenged on the ground that it violates the waived rights and remedies.

49 U.S.C. § 14101(b)(1). "Section 14101 essentially permits parties to avoid liability under the Carmack Amendment when they 'in writing, expressly waive any or all rights' thereunder." *Midamerican Energy Co. v. Start Enters., Inc.*, 437 F. Supp. 2d 969, 972 (S.D. Iowa 2006).

Here, the Transportation Contract states, in relevant part:

> Pursuant to 49 U.S.C.A. [§] 14101(b)(1), the parties expressly waive any and all provisions under the ICC Termination Act of 1995, U.S. Code Title 49, Subtitle IV, Part B, and the regulations thereunder to the extent that such provisions conflict with the terms of [the Transportation Contract] or the parties' course of performance hereunder.

(Certification of Jeffrey D. Cohen, Esq. ("Cohen Cert.") Ex. D, 12, ECF No. 180-6.)  The parties clearly and expressly agreed to waive Carmack Amendment claims in the first section of this waiver clause: "Pursuant to . . . [§] 14101(b)(1), the parties expressly waive any and all provisions under [Carmack]." (*Id.*)  Plaintiff, however, argues that the last phrase in the waiver clause renders

4

it ambiguous and ineffective. (Pl.'s SJ Moving Br. 8, ECF No. 182-1.) The Court disagrees with Plaintiff and finds that Sanofi-Aventis U.S., LLC ("Sanofi"), as the shipper, and GAL, as the carrier, effectively waived Carmack Amendment claims as they are entitled to pursuant to § 14101(b)(1). *See Smithfield Beef Grp.-Tolleson, Inc. v. Knight Refrigerated, LLC*, No. 08-1923, 2009 WL 1651289, at *2 (D. Ariz. June 12, 2009) (finding that an express waiver of the Carmack Amendment followed by additional references to the Carmack Amendment in the same agreement was an effective waiver under § 14101(b)(1) because the reasonable explanation "is that the parties agreed to waive the Carmack Amendment as a whole, but chose to selectively incorporate certain aspects of it back into their agreement without adopting it as a whole"). Here, the reasonable explanation for the inclusion of the limiting language in the waiver—"to the extent that such provisions conflict"—is that Sanofi and GAL agreed to waive the Carmack Amendment as a whole, but wanted to make clear that any of the default rules of the Carmack Amendment that they wrote specifically into the Transportation Contract should not be disturbed. Additionally, the contract language the Court looked to in its December Opinion—"[t]his contract shall be binding upon and inure to the benefit of the parties hereto only"—does not change this analysis. First, Plaintiff does not argue that this language relates to the validity of the waiver. Second, even if the Court were to look at this language, the reasonable interpretation would still be that the parties agreed to waive the Carmack Amendment as a whole and only wanted to provide rights and remedies under the Transportation Contract to themselves as opposed to the broader rights available under the default rules.

Furthermore, in reviewing the language of the statute, case law, and the parties' arguments on reconsideration, the Court finds that § 14101(b)(1) does not require that the consignee agree to the waiver to be bound. *See* § 14101(b)(1) ("If the *shipper* and *carrier*, in writing, expressly waive

5

any or all rights and remedies under [the Carmack Amendment] . . . , *the transportation provided under the contract* shall not be subject to the waived rights and remedies . . . .") (emphasis added); *Norfolk S. Railway Co. v. Kirby*, 543 U.S. 14, 34 (2004); *see also Harrah v. Minn. Mining & Mfg. Co.*, 809 F. Supp. 313, 319 (D.N.J. 1992). Therefore, there was an effective waiver of the Carmack Amendment claims in this case, and Plaintiff, as the consignee, is bound by that waiver. Accordingly, Transporter Defendants' motions for summary judgment are granted with respect to the Carmack Amendment claims.

### B.    Breach of Contract Claim against GAL[3]

GAL argues that Plaintiff's breach of contract claim fails as Plaintiff "is neither a party to, nor an intended beneficiary of, *any* transportation contracts with GAL." (GAL's SJ Moving Br. 10-13, ECF No. 180-1.) Conversely, Plaintiff argues that "Sanofi acted as [Plaintiff's] agent, and [Plaintiff] was, therefore, clearly the intended beneficiary of any contracts entered into by Sanofi in making the transportation arrangements on [Plaintiff's] behalf." (Pl.'s SJ Moving Br. 12, ECF No. 182-1; Pl.'s SJ Opp'n Br. 13, ECF No. 186.) Thus, Plaintiff argues that it is an intended beneficiary of the Transportation Contract and the Quality Assurance Agreement[4] between Sanofi and GAL. (*Id.*) Specifically, to support its argument, Plaintiff relies on: (1) the distribution agreement between Plaintiff and Sanofi requiring Sanofi to make the necessary transportation

---

[3] Plaintiff conceded that if the Court found an effective waiver, its sole remedy against GAL is for breach of contract, and Plaintiff's claims for negligence and breach of implied contract of bailment should be dismissed. (Pl.'s SJ Moving Br. 11-12, ECF No. 182-1; Pl.'s SJ Opp'n Br. 12, ECF No. 186.)

[4] GAL also argues that Plaintiff cannot rely on the Quality Assurance Agreement because it is silent with respect to liability. (GAL's SJ Opp'n Br. 11, ECF No. 185.) As Plaintiff has not provided any evidence of GAL's intent as to either contract, this Court's analysis applies as to both and the Court will not reach the issue of whether the Quality Assurance Agreement provides for liability.

arrangements for the shipment; (2) Plaintiff's name as the consignee on the Truck Manifest issued by GAL; and (3) deposition testimony of Sanofi and Plaintiff's witnesses that "clearly and undisputedly show[] a contractual intent on the part of all parties." (Pl.'s SJ Moving Br. 12-13; Pl.'s SJ Opp'n Br. 13-14.)

It is undisputed that Plaintiff was not a party to either the Transportation Contract or the Quality Assurance Agreement between Sanofi and GAL. Instead, Plaintiff argues it was an intended beneficiary. "The determining factor as to the rights of a third party beneficiary is the intention of the parties who actually made the contract. . . . Thus, the real test is whether the contracting parties intended that a third party should receive a benefit which might be enforced in the courts . . . ." *Borough of Brooklawn v. Brooklawn Hous. Corp.*, 124 N.J.L. 73, 76-77 (1940). "The contractual intent to recognize a right to performance in the third person is the key. If that intent does not exist, then the third person is only an incidental beneficiary, having no contractual standing." *Broadway Maint. Corp. v. Rutgers, State Univ.*, 90 N.J. 253, 259 (1982). Additionally, "[t]he parties of course may expressly negate any legally enforceable right in a third party." *Id.* at 260.

Here, the Transportation Contract specifically states that it "shall be binding upon and inure to the benefit of the parties hereto only." (Cohen Cert. Ex. D, 10.) Such language is demonstrative of the parties' intent not to create any rights in any third party beneficiary. The Court's analysis could stop there. However, even looking at the evidence provided by Plaintiff on the competing summary judgment motions, Plaintiff has not come forward with any evidence demonstrating GAL's intent to include Plaintiff as a third party beneficiary. Plaintiff merely relies on evidence that, at most, shows Plaintiff's and Sanofi's intent. This is insufficient to carry Plaintiff's burden.

Therefore, GAL's motion for summary judgment is granted with respect to the breach of contract claim.[5]

III.   **Plaintiff's Motion for Reconsideration**

In its motion for reconsideration, Plaintiff argues that the Court must reconsider the December Opinion because it committed a clear error when it held: (1) Plaintiff's claim for breach of implied contract of bailment as to MVP failed because the tractor trailer was under GAL's exclusive possession, control, and use; and (2) Plaintiff's negligence claim as to Pilot failed as a matter of law because Plaintiff failed to offer evidence sufficient to find causation.[6]   (Pl.'s Reconsideration Moving Br. 7-12, ECF No. 216-2.)

As to Plaintiff's first argument, Plaintiff asserts that this Court was "clearly erroneous in its interpretation of the Independent Contractor Service Agreement ('ISCA') and in applying 49 C.F.R. § 376.12(c)(1) standards, rather than the actual terms and conditions of the ICSA." (*Id.* at 7.)   Plaintiff argues that 49 C.F.R. § 367.12(c)(1) "sets forth the written requirements for a lease agreement between an authorized carrier and the owner of the equipment," however "the ICSA was not a lease at all . . . but was an independent contractor agreement under which both GAL and MVP expressly agreed MVP would be solely responsible for all cargo carriage and cargo claims."

---

[5] The Court notes that the unique set of facts of this case put Plaintiff in a difficult position in that it relied on Sanofi to transport the goods on FOB origin terms, but Sanofi waived Plaintiff's rights against the carrier under the Carmack Amendment and also excluded Plaintiff from seeking recovery against the carrier under Sanofi's contracts with the carrier.   The Court, however, cannot change the terms of the contract Plaintiff negotiated with Sanofi in relation to this transaction or extend the limits GAL negotiated in its contract with Sanofi.

[6] Plaintiff additionally argues that reconsideration is warranted on this Court's finding in the December Opinion that there were genuine disputes of material fact as to whether Transporter Defendants have an affirmative defense to Plaintiff's claims under the Carmack Amendment. (Pl.'s Reconsideration Moving Br. 5-7, ECF No. 216-2.)   As the Court has now found that the Carmack Amendment claims were waived, Plaintiff's argument is moot.

(*Id.* at 8.) Thus, Plaintiff argues that it presented the Court with sufficient material facts not in dispute regarding the relationship between MVP and GAL with respect to the shipment, to preclude the Court from dismissing this claim.

The Court finds that Plaintiff has not met its burden on a motion for reconsideration as it has not explained how the Court's holding in relation to Plaintiff's breach of implied contract of bailment claim against MVP is a clear error of law. Plaintiff has not cited to any case law in support of its position, but instead reargues the same arguments this Court rejected in connection with the summary judgment motions. Under Georgia law, exclusive possession and control is a required element of a bailment claim. The contract between GAL and MVP specifically states that it is entered into "pursuant to the federal leasing regulations under 49 C.F.R. Part 376." (Certification of Jeffrey D. Cohen, Esq. ("Cohen Cert. II") Ex. B, 1, ECF No. 181-4.) Under these "federal regulations, the tractor and trailer were both deemed to be under GAL's exclusive possession, control, and use." (Memo. Op. 10-11, Dec. 23, 2015, ECF No. 213 (citing 49 C.F.R. § 376.12(c)(1)).) Accordingly, the Court denies Plaintiff's motion for reconsideration based on this argument.

As to Plaintiff's second argument regarding its negligence claims against Pilot as the premises owner, Plaintiff argues that the Court "was clearly erroneous is concluding that Plaintiff could not show causation on the cause of action asserted against Pilot, and that it was not more likely than not that the conduct of Pilot was a cause in fact of the theft." (Pl.'s Reconsideration Moving Br. 11.) Specifically, Plaintiff argues that the following additional facts in the record support causation that were not considered by the Court: (1) "Sanofi was informed prior to the theft that 'there is a known cargo ring that operates on the East Coast [of the United States], primarily made up of Cubans'"; (2) Pilot's truck stop manager testified that "there was no security

9

training," "there have been a lot of truck thefts," and "he thought maybe security training should be implemented"; and (3) Pilot's Senior Manager of Corporate Risk testified that having armed security guards "would be a good idea" and "that the use of a security guard would serve as a deterrent to criminal based activity." (*Id.* at 10-11.)

In the December Opinion, this Court found that Plaintiff failed to offer evidence sufficient to find causation, because without evidence as to the particular circumstances of the theft, it would be pure speculation as to whether or not Pilot's conduct was a cause in fact of the theft. (Memo. Op. 11-13, Dec. 23, 2015.) Specifically, the Court stated that Plaintiff failed to provide evidence as to "who perpetrated the theft; whether it was perpetrated by a single individual or a group of thieves; or whether and how the perpetrators targeted the freight." (*Id.* at 13.) Reconsideration is appropriate where a court overlooked dispositive factual matters. The facts Plaintiff points to on reconsideration, however, were not overlooked by the Court because they do not provide any evidence as to who committed the theft or how the theft was committed. Instead, Plaintiff simply disagrees with this Court's reasoning on the motions for summary judgment. Accordingly, Plaintiff's motion for reconsideration is denied.

## IV.   Conclusion

For the reasons set forth above, Transporter Defendants' motion for reconsideration is granted and Plaintiff's motion for reconsideration is denied. An order consistent with this Memorandum Opinion will be entered.

MICHAEL A. SHIPP
**UNITED STATES DISTRICT JUDGE**

Dated: August 22, 2016